UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 2:95-cr-4-FtM-29DNF

VICKI LOPEZ-LUKIS
   a/k/a Vicki Lopez-Wolfe,

### GOVERNMENT'S RESPONSE TO
### PETITION FOR WRIT OF ERROR CORAM NOBIS

Comes now, the United States of America, by and through the undersigned Assistant United States Attorney for the Middle District of Florida, having received the Petition for Writ of Error Coram Nobis and Memorandum in Support Thereof, and after review of the petition, Title 28, United States Code, Section 1657(a), and the recent United States Supreme Court decision in Skilling v. United States, 130 S. Ct. 2896 (2010), the Government responds as follows:

1.  The defendant/petitioner was convicted in April, 1997, by a jury, of one count of honest services mail fraud, Title 18, United States Code, Section 1346.

2.  Pursuant to Title 28, United States Code, Section 1651(a), federal courts have authority to issue a writ of error coram nobis, where no other remedy is available to correct errors of fundamental character.  U.S. v. Mills, 221 F. 3d 1201 (11th Cir. 2000). The Writ has been allowed without limitation of time for facts that affect the validity and regularity of a judgment in both civil and criminal cases.  United States v. Morgan, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954).

3.     The conviction of the defendant/petitioner was based upon the defendant/petitioner depriving the public of their intangible right to the honest services in her official capacity as Lee County Commissioner, by lying to the Fort Myers News Press about her romantic relationship with her co-defendant, and now husband, Sylvester Lukis.  Mr. Lukis was, at the time of the allegations, a lobbyist representing two clients with a substantial amount of business before the Lee County Commission, and the relationship with Lukis was unequivocally denied by the defendant/petitioner when the defendant/petitioner was questioned by reporters regarding that relationship. (Count One of the Indictment).  The accusations did not involve bribery or kickbacks.

4.     One June 24, 2010, the United States Supreme Court decided three cases involving honest services wire and mail fraud:  Skilling v. United States, 130 S. Ct. 2896 (2010); Black v. United States, 130 S. Ct. 2963 (2010); and Weyhravach v. United States, 130 S. Ct. 2971 (2010).

5.     In Skilling, the Supreme Court as a matter of statutory construction of Title 18, United States Code, Section 1346, confined the statute to bribery and kickback schemes.  Skilling, at 2932.  Previously to the decision, the Government could also prosecute cases involving self-dealing schemes involving an undisclosed conflict of interest, as in the defendant's/petitioner's case.  Because the Skilling case did not involve bribery or kickbacks, the Court concluded that the defendant in that case did not commit honest services fraud.

6.     A defendant convicted of honest services mail fraud, wire fraud, or conspiracy on an illegally invalid theory, may obtain reversal on the ground that charges he/she was convicted of is not a crime.  United States v. Panarella, 277 F. 3d 678 (3rd

Cir. 2002). Because Skilling decriminalizes conduct that previously had been held to constitute honest services fraud, the decision applies retroactively to final criminal convictions. Bousley v. United States, 523 U.S. 614 (1998).

7.     In United States v. Peter, 310 F. 3d 709 (11th Cir. 2002), the Eleventh Circuit held that when the United States Supreme Court defines a federal criminal statute to no longer include the conduct on which a conviction is based, there is a fatal jurisdictional defect, and a Writ of Error Coram Nobis must issue. Peter, at 715.

WHEREFORE, the Government has no objection to the Defendant's/Petitioner's Petition for Writ of Error Coram Nobis, and believes it is the proper resolution of this case.

                              Respectfully submitted,

                              ROBERT E. O'NEILL
                              United States Attorney

By:    *s/Douglas Molloy*
        DOUGLAS MOLLOY
        Assistant United States Attorney
        Bar No. 0316717
        2110 First Street, Suite 3-137
        Fort Myers, Florida 33901
        Telephone: (239) 461-2200
        Facsimile: (239) 461-2219
        E-mail: douglas.molloy@usdoj.gov

U.S. v. VICKI LOPEZ-LUKIS                              Case No. 2:95-cr-4-FtM-29DNF

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Marc Korman
mkorman@sidley.com

Bradford A. Berenson
bberenson@sidley.com

Thomas C. Green
tcgreen@sidley.com

                *s/ Douglas Molloy*
                DOUGLAS MOLLOY
                Assistant United States Attorney
                Bar No. 0316717
                2110 First Street, Suite 3-137
                Fort Myers, Florida  33901
                Telephone:   (239) 461-2200
                Facsimile:   (239) 461-2219
                E-mail:       douglas.molloy@usdoj.gov